PROB 12C
( 12/04)

# UNITED STATES DISTRICT COURT
for
## District of Guam

FILED
DISTRICT COURT OF GUAM
OCT 20 2005
MARY L.M. MORAN
CLERK OF COURT

## Petition for Warrant or Summons for Offender Under Supervision

Name of Offender:     Jing Zing Dong                                    Case Number:  CR 97-00073-001

Name of Sentencing Judicial Officer:     John S. Unpingco

Date of Original Sentence:     September 29, 1997

Original Offense:     Fraud Concerning Identification Documents, in violation of 18 U.S.C. § 1028.

Original Sentence:     Time served followed by a three year term of supervised release with conditions to include: perform 80 hours of community service at the direction of the U.S. Probation Office; not possess a firearm as defined in 18 U.S.C. § 921; and pay a $100 special assessment fee. **Supervised released revoked** on December 3, 1997, and the defendant was sentenced to serve an imprisonment term of six months followed by a 30 month term of supervised release to include a 100 hours of community service to be performed at the direction of the U.S. Probation Office.

Type of Supervision:     Supervised Release          Date Supervision Commenced:     June 2, 1998

Assistant U.S. Attorney:     Karon V. Johnson          Defense Attorney:     Roland Fairfield

### PETITIONING THE COURT

[X] To issue a warrant
[X] To issue a summons

The probation officer believes that the offender has violated the following condition(s) of supervision:

Violation Number       Nature of Noncompliance

(See attached Declaration in Support of Petition)

ORIGINAL

U.S. Probation Officer Recommendation:

[X] The term of supervision should be

    [X] revoked.

    [ ] extended for _____ years, for a total term of _____ years.

[ ] The conditions of supervision should be modified as follows:

|  |  | I declare under penalty of perjury that the foregoing is true and correct. |
|---|---|---|
| Reviewed by: | Reviewed by: |  |
| *(signature)* | *(signature)* | *(signature)* |
| FRANK MICHAEL CRUZ<br>Chief U.S. Probation Officer<br>Supervision Unit Leader | KARON V. JOHNSON<br>Assistant U.S. Attorney | CARMEN D. O'MALLAN<br>U.S. Probation Officer Specialist |
| Date: 9-21-2005 | Date: 9/22/05 | Executed on: 9/21/05 |

THE COURT ORDERS:

[ ] No action.

[X] The issuance of a warrant.

[ ] The issuance of a summons.

[ ] Other

*RECEIVED OCT 20 2005 DISTRICT COURT OF GUAM HAGATNA, GUAM*

*RECEIVED SEP 27 2005 DISTRICT COURT OF GUAM HAGATNA, GUAM*

*(signature)*
JOAQUIN V.E. MANIBUSAN, JR.
Magistrate Judge
10/20/2005
Date

# VIOLATION WORKSHEET

1. Defendant     Jing Zing Dong
2. Docket Number (Year-Sequence-Defendant No.)     CR 97-00073-001
3. District/Office     0993/1
4. Original Sentence Date     09 / 29 / 97
                              month / day / year

(If different than above):
5. Original District/Office     _____
6. Original Docket Number (Year-Sequence-Defendant No.)     _____

7. List each violation and determine the applicable grade (see §7B1.1(b))

| Violation(s) | Grade |
|---|---|
| ● Failed to report to the probation office on 9/1/98 and 9/15/98. | C |
| ● Failed to answer questions truthfully regarding residence. | C |
| ● | |
| ● | |

8. Most Serious Grade of Violation (see §7B1.1(b))     **C**
9. Criminal History Category (see §7B1.4(a))     **I**
10. Range of Imprisonment (see §7B1.4(a))     **3-9 months**

11. Sentencing Options for Grade B and C Violations Only (Check the appropriate box):

[X] (a) If the minimum term of imprisonment determined under §7B1.4 (Term of Imprisonment) is at least one month but not more than six months, §7B1.3(c)(1) provides sentencing options to imprisonment.

[ ] (b) If the minimum term of imprisonment determined under §7B1.4 (Term of Imprisonment) is more than six months but not more than ten months, §7B1.3(c)(2) provides sentencing options to imprisonment.

[ ] (c) If the minimum term of imprisonment determined under §7B1.4 (Term of Imprisonment) is more than ten months, no sentencing options to imprisonment are available.

**Mail documents to: United States Sentencing Commission, Federal Judiciary Building, One Columbus Circle, NE, Suite 2-500, South Lobby, Washington, D.C. 20002-8002**

Case 1:97-cr-00073     Document 121     Filed 10/20/2005     Page 3 of 8

Defendant:   Jing Zing Dong

12. **Unsatisfied Conditions of Original Sentence**

    List any restitution, fine, community confinement, home detention, or intermittent confinement previously imposed in connection with the sentence for which revocation is ordered that remains unpaid or unserved at the time of revocation (see §7B1.3(d)):

    | | | | |
    |---|---|---|---|
    | Restitution ($) | N/A | Community Confinement | N/A |
    | Fine ($) | N/A | Home Detention | N/A |
    | Other | 80 hrs. community service | Intermittent Confinement | N/A |

13. **Supervised Release**

    If probation is to be revoked, determine the length, if any, of the term of supervised release according to the provisions of §§5D1.1-1.3 (see §§7B1.3(g)(1)).

    Term: _____ to _____ years.

    If supervised release is revoked and the term of imprisonment imposed is less than the maximum term of imprisonment imposable upon revocation, the defendant may, to the extent permitted by law, be ordered to recommence supervised release upon release from imprisonment (see 18 U.S.C. §3583(e) and §7B1.3(g)(2)).

    Period of supervised release to be served following release from imprisonment:   21 months

14. **Departure**

    List aggravating and mitigating factors that may warrant a sentence outside the applicable range of imprisonment:

    **None.**

15. **Official Detention Adjustment** (see §7B1.3(e)):   0 months   0 days

Mail documents to: United States Sentencing Commission, Federal Judiciary Building, One Columbus Circle, NE, Suite 2-500, South Lobby, Washington, D.C. 20002-8002

Case 1:97-cr-00073   Document 121   Filed 10/20/2005   Page 4 of 8

# UNITED STATES DISTRICT COURT
# FOR THE
# DISTRICT OF GUAM

| | |
|---|---|
| UNITED STATES OF AMERICA ) | CRIMINAL CASE NO. 97-00073-001 |
| Plaintiff, ) | |
| ) | |
| vs. ) | **DECLARATION IN SUPPORT OF PETITION** |
| ) | |
| JING ZING DONG ) | |
| Defendant. ) | |
| ) | |

Based on the 9th Circuit decision in U.S. v. Vargas-Amaya, the following petition is submitted to the Court in support of a request for the re-issuance of a warrant. A warrant was initially issued on October 8, 1998, pursuant to a petition filed by this Officer.

I, U.S. Probation Officer Specialist Rossanna Villagomez-Aguon, am the U.S. Probation Officer assigned to supervise the Court-ordered conditions of supervised release for Jing Zing Dong, and in that capacity declare as follows:

On September 29, 1997, Jing Zing Dong was sentenced in the District Court of Guam for Fraud Concerning Identification Documents, in violation of 18 U.S.C. § 1028. He was sentenced to an imprisonment term of time served and ordered to be turned over to a duly authorized immigration officer for immediate deportation upon release from imprisonment. Mr. Dong was also ordered to serve a supervised release term of three years. Along with the mandatory conditions of supervised release, Mr. Dong was ordered to perform 80 hours of community service at the direction of the U.S. Probation Office.

On December 3, 1997, Mr. Dong's term of supervised release was revoked and he was resentenced to serve a six month term of imprisonment followed by a thirty month term of supervised release for violation of his conditions of supervised release. Mr. Dong had failed to comply with the standard conditions of supervision, failed to report to this Officer and submit monthly reports, and failed to follow the instructions of this Officer. In addition, Mr. Dong had also failed to comply with the condition of community service performance due to his lack of cooperation in meeting with this Officer.

On June 2, 1998, Jing Zing Dong was released from imprisonment to the custody of the United States (U.S.) Immigration and Naturalization Services (I.N.S.). On June 15, 1998, our office was notified by the U.S. Probation Office for the District of Hawaii that Mr. Dong had been released from the custody of the I.N.S. in Portland, Oregon, and had listed a bail address as 911 McKinley Street in Peekskill, New York. On June 16, 1998, this Officer received a call from Mr. Robert Porges, Mr. Dong's immigration attorney in New York. Mr. Porges confirmed the address for Mr. Dong in New York. He was instructed to have Mr. Dong report to the nearest U.S. Probation Office within that district. On June 17, 1998, this Officer received a call from Mr. Porges informing me that Mr. Dong had reported to the U.S. Probation Office in Manhattan, New York, and had an appointment with a probation officer on Thursday, June 18, 1998.

On June 18, 1998, communication was initiated with the U.S. Probation Office in White Plains, Southern District of New York, which is the nearest office to Mr. Dong's reported address in Peekskill, notifying them of Mr. Dong's presence in their district. On July 16, 1998, this Officer received a fax with a copy of a letter sent to Mr. Dong by U.S. Probation Officer Carol Dray, White Plains Office, Southern District of New York, informing him of his failure to appear at an appointment scheduled for July 14, 1998 and that another appointment was scheduled for July 20, 1998. Ms. Dray also informed this Officer that Mr. Dong had been residing in Manhattan at another address, 43 Market Street, New York, New York. It was recommended by Ms. Dray that this Officer send Mr. Dong a letter of warning and instruct him to report to the July 20, 1998 appointment. A letter was sent to Mr. Dong by this Officer as recommended via his immigration attorney, Mr. Porges.

On August 20, 1998, this Officer received a fax from U.S. Probation Officers Carol Dray and Andrew Chan, White Plains and New York City Offices respectively, informing me that Mr. Dong had claimed several relocations between New York City and Peekskill, New York. Attempts at that time were being made to verify his residence. A request was made for assistance from this Officer regarding current residential information on Mr. Dong, which was none since this Officer never had the opportunity to meet Mr. Dong.

On October 2, 1998, this Officer received a letter from U.S. Probation Officer Andrew Chan informing me of their district's denial for transfer of supervision on Mr. Dong and his failure to cooperate. Mr. Chan reported the following events:

> On July 20, 1998, Mr. Dong met with U.S. Probation Officer Carol Dray as instructed, however, at that time, he reported that he was living with a different uncle and aunt, Ching Mo Lam and Mei Wah Young, who lived at another address at 43 Diamond Street, Cortland Manor, New York. When

DECLARATION IN SUPPORT OF PETITION
Re: DONG, Jing Zing
USDC Cr. Cs. No. 97-00073-001
October 19, 2005
Page 3

>Mr. Dong was questioned about his relative's background history, he was unable to answer. When he was informed that Ms. Dray planned to interview his uncle and conduct a home inspection, Mr. Dong moved out of that address the following day back to the 43 Market Street, New York address. Mr. Dong's case was then transferred to the New York City probation office.

>On August 21, 1998, U.S. Probation Officer Andrew Chan attempted to contact Mr. Dong by calling the telephone number listed for the 43 Market Street address, and was informed by a Ms. Stacey Young that the telephone number was located at the identified address, however, there was no one by the name of Jing Zing Dong who lived at that address. Following the telephone conversation with Ms. Young, U.S. Probation Officer Chan took Mr. Dong's photo and visited the address of 43 Market Street, New York. He was informed by a gentleman, who lived at the address and telephone number given by Mr. Dong, that Mr. Dong did not reside with him nor did he recognize him by his photo.

>On August 25, 1998, U.S. Probation Officer Chan met with Mr. Dong with the assistance of Mr. Porges' law office. Mr. Dong was unable to provide U.S. Probation Officer Chan with a specific place of residence or place of employment then.

>Mr. Dong failed to appear for appointments with U.S. Probation Officer Chan on September 1, 1998 and September 5, 1998.

Based on the information provided by U.S. Probation Officer Andrew Chan, New York City Office, Southern District of New York, this Probation Officer believes there is probable cause that Jing Zing Dong has violated the following conditions of supervision:

>The defendant failed to report to the probation office on September 1, 1998, September 15, 1998 and anytime thereafter.

>The defendant failed to answer truthfully when questioned about his residence.

This Probation Officer respectfully prays that the Court re-issue a Warrant for Jing Zing Dong's appearance at a hearing scheduled by the Court, and during that hearing, he be held to answer or show cause why the sentence of supervised release in this case should not be revoked, in accordance with the provisions of 18 U.S.C. § 3583.

DECLARATION IN SUPPORT OF PETITION
Re: DONG, Jing Zing
USDC Cr. Cs. No. 97-00073-001
October 19, 2005
Page 4

I declare, under penalty of perjury, that the foregoing is true and correct, except those matters stated upon information and belief, and as to those matters, I believe them to be true.

Executed this 19th day of October 2005, at Hagatna, Guam, in conformance with the provisions of 28 U.S.C. § 1746.

Respectfully Submitted,

FRANK MICHAEL CRUZ
Chief U.S. Probation Officer

By: ROSSANNA VILLAGOMEZ-AGUON
U.S. Probation Officer

Reviewed By:

FRANK MICHAEL CRUZ
Chief U.S. Probation Officer

cc: Karon V. Johnson, AUSA
Roland Fairfield, Defense Attorney
File